UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CYNTHIA BALL,

                                 Plaintiff,

        -against-

MARRIOTT INTERNATIONAL, INC.,

                                 Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.: 19-CV-10593

      Plaintiff, CYNTHIA BALL, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*, and any other cause of action which can be inferred from the facts set forth herein to redress acts of unlawful discrimination and retaliation which occurred during the course of Plaintiff's employment with Defendant.

2.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

1

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the State Division of Human Rights and cross filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was received from the EEOC on August 26, 2019. This action was properly instituted within ninety (90) days of the issuance of said letter.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Cynthia Ball ("Ball") was and still is a resident of the County of New York, State of New York.

6. Defendant, Marriott International, Inc., ("Marriott"), was and still is a corporation with corporate offices at 10400 Fernwood Road, Bethesda, Maryland 20817. During the course of her employment with Marriott, Ball worked at Defendant's Times Square, New York location.

## FACTS

9. Ball is a female.

10. In or around February 2003, Cynthia Ball ("Ball"), a female, began her employment with Marriott International, Inc. ("Marriott" or "Defendant") as a waitress, in Marriott's Times Square location. At all times Ball performed her duties in an exemplary manner.

11. On or about October 18, 2016, while Ball was working, a male guest backed Ball up against a wall and began stroking her face. After Ball was able to get away from this guest, she reported the incident to Alexander Fish ("Fish"), her manager. Fish did not call security or have the guest removed but merely stood between Ball and the guest. Fish failed to complete a written report about this sexual harassment and did not advise Ball to do so either.

12. The next day, Ball complained to Wanda Fillon, Defendant's Human Resources Director. Once again, Ball was discouraged from filing a formal written complaint. Moreover, no action was taken by Defendant to ensure or protect Ball from future sexual harassment.

13. On or about September 10, 2017, Ball was serving some male guests who began to become intoxicated and loud. These guests began fake coughing the word "pussy" loudly enough for Ball, and other guests to hear. Ball complained to Glenn (last name unknown), interim task force manager. Ball also asked Jodi Erickson, a bartender, to call security. While waiting for security, one of these guests began poking Ball in the chest near her breast repeatedly and when she backed away waved his finger in her face. Throughout this time, Glenn took no actions to protect Ball from these guests.

14. Eventually, James Johnson ("Johnson") a security associate, appeared. He did not ask Ball what had occurred nor did he speak to or remove the harassing guests. Johnson merely told Ball that he "had her back" and then left the area.

15. The next day, Ball complained to Zoe Cohen ("Cohen"), Director of Restaurants, and Kerry Davis ("Davis"), restaurant manager. Neither Cohen nor Davis filed a formal report of this incident. Once again, no action was taken by Defendant to ensure or protect Ball from future harassment.

16. As a result of Defendant's failure to protect its employees, the sexual harassment of Ball continued by guests.

17. On or about September 18, 2017, Ball was again sexually harassed at Defendant. While working, a male guest came up behind Ball and grabbed her in the groin and buttocks. Ball almost immediately complained to Davis, who rather than take any corrective action or protect Ball, merely asked if it was a mistake. Davis, failed to call security or take any steps to have this guest removed, who eventually left on his own.

18. The next day, Ball emailed Sean Cassidy ("Cassidy"), the hotel manager to complain about this harassment, and called and left a message with Cassidy's secretary to ensure that he received the email. Cassidy did not respond to either Balls email or her phone message.

19. After this incident, Defendant installed two (2) "panic buttons" in the Ball's work area. The purpose of the buttons was for an employee to be able to press it for security to come immediately in the event of an incident, such as the sexual harassment to which customers were subjecting Ball. However, these "panic buttons" were not fully installed or operational for

months. When pushed, nothing would happen. Although the panic button is now operational, when pushed, security arrives no quicker than if they were called regularly. Mover, Defendant has since removed one of the panic buttons, thereby making the "panic button" less accessible to Ball and other coworkers.

20. On or about Aril 30, 2018, Ball filed a complaint with the New York State Division of Human Rights ("NYSDHR") complaining of the above action.

21. Since the filing of the NYSDHR complaint Defendant retaliated against Ball. In or around November 2018, Ball applied for a bartender position with Defendant, which would have increased her pay. Defendant did not hire Ball for the position and instead hired a male employee who has less experience than Ball and did not know how to make basic drinks.

22. As a result of Defendant's complete failure to institute any polices or procedures to protect its employees from sexual harassment from guests, Ball has been repeatedly sexually harassed, as detailed above.

23. As a result of the Defendant's unlawful conduct, Plaintiff has suffered lost wages, as well as emotional and physical damages.

## CLAIMS FOR RELIEF

24. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or in

retaliation for her opposition to discriminatory practices.  Defendant Marriott's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq*.

25. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law.   It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       November 14, 2019

                                            RICOTTA & MARKS, P.C.
                                            *Attorneys for Plaintiff*
                                            31-10 37th Avenue, Suite 401
                                            Long Island City, New York 11101
                                            (347) 464-8694

                                            _____/s_____
                                                 Matthew Marks